**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Anthony Balliro

v.                                          Civil No. 12-cv-133-JD

Richard Gerry, Warden,
New Hampshire State Prison

## O R D E R

Anthony Balliro has filed a petition for a writ of habeas
corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. The petition
is before the court for preliminary review to determine whether
Balliro's claims are facially valid and cognizable in a § 2254
action for federal habeas relief. See Rule 4 of the Rules
Governing Section 2254 cases in the United States District
Courts ("§ 2254 Rules").

## Discussion

### I.   Procedural Background

On July 6, 2007, Balliro was convicted of one count of
first degree murder and two counts of arson, see State v.
Balliro, 158 N.H. 1, 3, 959 A.2d 212, 215 (2008), and is
presently serving a life sentence pursuant to those convictions.
Balliro's conviction was affirmed by the New Hampshire Supreme
Court ("NHSC") on October 30, 2008.

On October 3, 2009, Balliro filed a motion for a new trial

in the Superior Court, asserting that he did not receive

effective assistance of counsel at trial. In his motion,

Balliro claimed that trial counsel's ineffectiveness caused his

rights under the Sixth Amendment's Confrontation Clause and the

Fourteenth Amendment's Due Process Clause to be violated. The

Superior Court denied the motion on June 23, 2010. The NHSC

affirmed the denial of Balliro's motion for a new trial on

October 3, 2011. See State v. Balliro, No. 2010-0503, 2011 N.H.

LEXIS 159, *1 (N.H. Oct. 3, 2011).

II.  The Claims

Liberally construed, the court finds that Balliro has

raised the following claims for relief in his petition:

1.  Trial counsel provided ineffective assistance of

counsel, by failing to object to the introduction of testimony

from a witness who was deceased, and thus unavailable to testify

and be cross-examined at trial, in violation of Balliro's Sixth

and Fourteenth Amendment rights.[1]

2.  Trial counsel provided ineffective assistance of

counsel, by failing to object to the introduction at trial of:

_____

[1]Balliro refers to a violation of the Fifth Amendment, but
does not anywhere explain the basis of this allegation.
Accordingly, the court construes the petition not to have
included any claim based on a Fifth Amendment violation.

2

a) evidence of Balliro's bad character, and b) evidence of

Balliro's prior criminal record, in violation of Balliro's Sixth

and Fourteenth Amendment rights.

## III. Facial Validity of Petition

### A.   Custody

To be eligible for habeas relief on his federal claims,

Balliro must show that he is in custody in violation of his

federal constitutional or statutory rights.  See 28 U.S.C.

§ 2254(a).  Balliro's present incarceration pursuant to the

sentence imposed for the challenged convictions satisfies the

custody requirement in § 2254(a).

### B.   Exhaustion

To be eligible for relief in a § 2254 petition, petitioner

must show that he has exhausted the remedies available to him in

the state courts on his federal habeas claims, or that state

corrective processes are unavailable or ineffective to protect

his rights.  See 28 U.S.C. § 2254(b)(1).  The NHSC order

affirming the denial of Balliro's motion for a new trial

demonstrates that Balliro has raised the federal constitutional

claims asserted in this federal habeas petition in the NHSC, and

the NHSC has issued a ruling on those claims.  See State v.

Balliro, 2011 N.H. LEXIS 159, at *2. Balliro's claims have thus
been exhausted in the state courts, and the petition may proceed
in this court at this time.

IV. Service

The petition shall be served upon respondent Richard Gerry,
Warden of the New Hampshire State Prison. Respondent shall file
an answer or other response to the allegations made therein.
See Rule 4 of the Rules Governing Section 2254 Cases in the
United States District Courts ("§ 2254 Rules") (requiring
reviewing judge to order a response to the petition).

The Clerk's office is directed to serve the New Hampshire
Office of the Attorney General, as provided in the Agreement on
Acceptance of Service, copies of the petition (doc. no. 1), and
this order.

Respondent is directed to answer or to otherwise plead
within thirty days of the date of this Order. The answer shall
comply with the requirements of § 2254 Rule 5 (setting forth
contents of the answer). Petitioner is referred to Fed. R. Civ.
P. 5, which requires that every pleading, written motion,
notice, and similar paper, after the petition, shall be served

4

on all parties.  Such service is to be made by mailing the
material to the parties' attorney(s).

     SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

August 27, 2012

cc:  Anthony Balliro, pro se

5