UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony Balliro

   v.                                    Civil No. 12-cv-133-JD

Richard Gerry, Warden,
New Hampshire State Prison

O R D E R

Anthony Balliro has filed a petition for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. The petition is before the court for preliminary review to determine whether Balliro's claims are facially valid and cognizable in a § 2254 action for federal habeas relief. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Discussion**

I.   Procedural Background

On July 6, 2007, Balliro was convicted of one count of first degree murder and two counts of arson, see State v. Balliro, 158 N.H. 1, 3, 959 A.2d 212, 215 (2008), and is presently serving a life sentence pursuant to those convictions. Balliro's conviction was affirmed by the New Hampshire Supreme Court ("NHSC") on October 30, 2008.

On October 3, 2009, Balliro filed a motion for a new trial in the Superior Court, asserting that he did not receive effective assistance of counsel at trial. In his motion, Balliro claimed that trial counsel's ineffectiveness caused his rights under the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause to be violated. The Superior Court denied the motion on June 23, 2010. The NHSC affirmed the denial of Balliro's motion for a new trial on October 3, 2011. See State v. Balliro, No. 2010-0503, 2011 N.H. LEXIS 159, *1 (N.H. Oct. 3, 2011).

II. The Claims

Liberally construed, the court finds that Balliro has raised the following claims for relief in his petition:

1. Trial counsel provided ineffective assistance of counsel, by failing to object to the introduction of testimony from a witness who was deceased, and thus unavailable to testify and be cross-examined at trial, in violation of Balliro's Sixth and Fourteenth Amendment rights.[1]

2. Trial counsel provided ineffective assistance of counsel, by failing to object to the introduction at trial of:

---

[1] Balliro refers to a violation of the Fifth Amendment, but does not anywhere explain the basis of this allegation. Accordingly, the court construes the petition not to have included any claim based on a Fifth Amendment violation.

a) evidence of Balliro's bad character, and b) evidence of Balliro's prior criminal record, in violation of Balliro's Sixth and Fourteenth Amendment rights.

III. Facial Validity of Petition

    A.   Custody

To be eligible for habeas relief on his federal claims, Balliro must show that he is in custody in violation of his federal constitutional or statutory rights. See 28 U.S.C. § 2254(a). Balliro's present incarceration pursuant to the sentence imposed for the challenged convictions satisfies the custody requirement in § 2254(a).

    B.   Exhaustion

To be eligible for relief in a § 2254 petition, petitioner must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). The NHSC order affirming the denial of Balliro's motion for a new trial demonstrates that Balliro has raised the federal constitutional claims asserted in this federal habeas petition in the NHSC, and the NHSC has issued a ruling on those claims. See State v.

Balliro, 2011 N.H. LEXIS 159, at *2. Balliro's claims have thus been exhausted in the state courts, and the petition may proceed in this court at this time.

IV. Service

The petition shall be served upon respondent Richard Gerry, Warden of the New Hampshire State Prison. Respondent shall file an answer or other response to the allegations made therein. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring reviewing judge to order a response to the petition).

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of the petition (doc. no. 1), and this order.

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer). Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served

on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

SO ORDERED.

/s/ Joseph DiClerico
Joseph DiClerico, Jr.
United States District Judge

August 27, 2012

cc:  Anthony Balliro, pro se