```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Anthony Balliro

    v.                                            Civil No. 12-cv-133-JD
                                                  Opinion No. 2012 DNH 178

Richard Gerry, Warden,
New Hampshire State Prison

### O R D E R

Anthony Balliro, proceeding pro se, seeks habeas corpus relief, pursuant to 28 U.S.C. § 2254, from his state court convictions and sentence. In support of his petition, Balliro alleges that his counsel in the criminal proceeding provided constitutionally deficient representation. The Warden moves to dismiss the petition on the ground that it is untimely.

### Background

Balliro was convicted on July 6, 2007, following a jury trial, of first degree murder and arson. He appealed the convictions. On October 30, 2008, the New Hampshire Supreme Court affirmed the convictions, concluding that trial court did not abuse its discretion in denying Balliro's request for a jury instruction that he was permitted to use deadly force to prevent

a trespasser from committing arson. State v. Balliro, 158 N.H. 1, 6 (2008).

On October 3, 2009, Balliro, represented by new counsel, filed a motion for a new trial.[1] The Carroll County Superior Court denied the motion on June 23, 2010. Balliro appealed the decision, and the New Hampshire Supreme Court issued a decision on October 3, 2011, affirming the lower court.

Balliro contends that he did not receive a copy of the New Hampshire Supreme Court's decision until March 15, 2012, when counsel sent him a copy. In the letter, counsel indicated that a copy of the decision had been sent to Balliro previously. Counsel also advised that further appellate review was not likely to succeed and stated "that there is a one year time limit from the date of the decision (October 3, 2011) within which to file a federal appeal." Balliro did not appeal the October 3, 2011, decision.

On April 4, 2012, Balliro filed the petition for habeas corpus relief in this court proceeding pro se. At the same time, he filed a motion to stay to allow him time to decide whether

---

[1] The Warden represents that the motion was filed on October 3, 2009. The motion indicates that copies were sent to counsel of record on October 25, 2009. Because the October 3 date is more favorable to Balliro, the court will proceed with the dates the Warden provides.

equitable tolling of the statute of limitations would apply.  He also argued that if the petition were deemed to be untimely, the cause for the delay was the negligence of his counsel.  The motion to stay was denied as premature because the Warden had not then raised the defense of the statute of limitations.

## Discussion

The Warden moves to dismiss the habeas petition on the ground that it is untimely.  Balliro did not respond to the motion.

A petition for habeas corpus relief must be filed within one year of the date when the judgment became final, the date on which an impediment to filing is removed, the date when an asserted constitutional right is newly recognized, or the date when the factual basis for relief could have been discovered.  28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).  In rare situations, the deadline may be tolled for equitable reasons.  Maples v. Thomas, 132 S. Ct. 912, 924 (2012); Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

A.   Time Allowed under § 2244(d)

The Warden represents, and Balliro does not dispute, that after calculating the excluded time, he filed his petition for habeas relief well beyond the deadline.  The Warden calculates that 248 days passed after the decision affirming Balliro's conviction and before he filed the motion for a new trial, leaving 117 days in the statutory period.  The motion for a new trial stopped the time until the New Hampshire Supreme Court issued its decision on October 3, 2011.  Then, 184 days passed until Balliro filed his petition in this court on April 4, 2012.  As a result, the petition was not timely filed.

B.   Equitable Tolling

To the extent Balliro would assert that equitable tolling applies to extend the time, the court considers that theory based on Balliro's motion to stay.  There, Balliro asserted that his post-conviction counsel caused him to miss the deadline by failing to send him a copy of the New Hampshire Supreme Court's decision until March 15, 2012, and by telling him that he had a year from October 3, 2011, to file a federal appeal.

"[A] 'petitioner' is entitled to equitable tolling only if he shows (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way and

4

prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). "[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence' . . ." that requires the petitioner to do what he reasonably thought was necessary to preserve his rights based on the information he was given. Holmes, 685 F.3d at 65 (quoting Holland, 130 S. Ct. at 2565). To meet the extraordinary circumstances standard, an attorney's conduct must go far beyond "garden variety" negligence or "excusable neglect." Holland, 130 S. Ct. at 2564.

Based on the March 15, 2012, letter from counsel that Balliro filed with his motion for a stay, it appears that counsel sent a copy of the October 3, 2011, decision to Balliro in October after it was issued, but that Balliro may not have received it for unexplained reasons. The letter suggests that it was sent in response to Balliro having contacted counsel to inquire about his motion for a new trial, but Balliro provides no detail about when he contacted counsel or how quickly counsel responded to his inquiry.[2] Counsel did provide incorrect advice about the timing for a "federal appeal."

---

[2] The notice of appeal was filed on July 22, 2010, and the decision was issued more than a year later on October 3, 2011.

5

Whether or not Balliro pursued his rights with reasonable diligence cannot be determined based on the motion to stay. Balliro, however, bears the burden of showing that equitable tolling would apply in this case.  Holland, 130 S. Ct. at 2562. Balliro's failure to respond to the Warden's motion to dismiss undermines his ability to sustain that burden.  Further, while the letter from counsel shows that Balliro may not have received a copy of the decision when it was first sent to him and that counsel gave incorrect advice about the time for a federal appeal, those mistakes do not rise to the level of abandoning representation or serious attorney misconduct sufficient to support equitable tolling.  See Maples, 132 S. Ct. at 923; Holland, 130 S. Ct. at 2564.

## Conclusion

For the foregoing reasons, the Warden's motion to dismiss (document no. 5) is granted.  The court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Rule 11, Federal Rules Governing § 2254 Cases.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2012

cc:  Anthony Balliro #79133, pro se
     Elizabeth C. Woodcock, Esquire